UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

Eastern District of Kentucky
F I L E D
SEP 29 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-185-GWU

JAMES E. MARCUM, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff, James E. Marcum, files this appeal in pursuit of Disability Insurance Benefits (DIB) for the closed period between 1979 and 1987.[1] The defendant has filed a motion to dismiss or, alternatively, for summary judgment, which the plaintiff opposes.

## FACTS

Marcum's pursuit of DIB has a <u>long</u> and complicated history.

While he had unsuccessfully filed for benefits previously, the Appeals Council determined that <u>res judicata</u> was not applicable for use in consideration of his 1988 claim and remanded the first Administrative Law Judge (ALJ) decision for "reevaluat[ion of] the entire record" and make "full and complete conclusions and findings of fact" (Tr. 48-49).

---

[1] Marcum is apparently currently receiving benefits with an admitted onset date of 1979, but <u>entitlement</u> to benefit payments beginning, according to the agency, in 1987.

1

Marcum

An ALJ decision was issued thereafter, in October, 1990, which considered the entire period between May, 1979 and September, 1984 with special emphasis as to the pertinent old medical exhibits (Tr. 28-31), but still found the plaintiff not disabled. Upon appeal to the federal courts, this Court affirmed the physical residual functional capacity findings (i.e., light work in a clean environment), but remanded on the mental factor aspect. (Tr. 912-915).

After another agency decision (Tr. 795-812), and a subsequent federal court appeal, the undersigned agreed that the plaintiff's mental limitations during the pertinent period had been clarified by new testimony provided by Medical Expert Sandler (Tr. 1072). Nevertheless, new evidence introduced by the plaintiff indicated that the only Vocational Expert (VE) to address Sandler's limitations had been excluded from testifying by the agency as a policy due to significant questions about his credibility. (Tr. 1074-1075). The Court remanded for further consideration under sentence six of 42 U.S.C. §405(g).

Upon remand, as the defendant herself noted, "ALJ Ronald Rogers then issued a September 26, 1997 decision considering all of the medical evidence after Plaintiff stopped working on May 23, 1979, up until his insured status expired on September 30, 1984." Docket Entry No. 10, pp. 5-6. In doing so, he adopted the recitation of facts, including the description of medical exhibits, from the prior administrative decisions. (Tr. 1019). Noting that the full degree of mental factors noted by Sandler had still not been presented to a VE as well as other factors (e.g.,

2

marginal mathematics and spelling abilities, closely approaching advanced age, and no transferrable skills), the undersigned determined to order a remand for an award of benefits. (Tr. 1161-1163).

The Commissioner did not appeal the undersigned's judgment. Rather, the agency began to effectuate this Court's decision by issuing a Notice of Award informing the plaintiff that he was entitled to benefits beginning in March, 1987, twelve months prior to his 1988 application. (Tr. 1172). The plaintiff appealed this action through the agency, which construed his appeal as a request to reopen prior claims. (Tr. 1148-1154, 1264-1265). After the Appeals Council denied his request for review, the plaintiff returned to federal court.

## JURISDICTION

The Commissioner refers to long-standing authority that an agency decision not to reopen a decision on a prior claim for benefits is not reviewable by the federal courts absent a colorable constitutional challenge. E.g., Califano v. Sanders, 430 U.S. 99, 109 (1977).

However, the agency's characterization of the plaintiff's objections to the Notice of Award as a new request to reopen prior DIB applications is disingenuous at best. (Tr. 1265). The Appeals Council indicated that "the order of the Court did not circumscribe an period of entitlement, rather the Court only determined that the claimant was disabled." (Tr. 1264).

Marcum

The Court had, however, referred in its Memorandum Opinion to the earlier remand under sentence six as well as the original civil action filed by the plaintiff. (Tr. 1161). In all the prior discussions, it was <u>readily</u> apparent that all the ALJs after 1989 had fully considered all evidence between 1979 and 1984 and beyond and that <u>de novo</u> consideration of that evidence was made. Under law set down by the Sixth Circuit Court of Appeals, <u>Crady v. Secretary of Health and Human Services</u>, 835 F. 2d 617 (6th Cir. 1987), that <u>can</u> constitute a <u>de facto</u> reopening of prior applications by the agency itself.[2]

Nevertheless, while the argument that the Court is without any subject matter jurisdiction to hear the entire appeal is without merit, there <u>is</u> case law to support the proposition that any constructive reopening <u>can not</u> extend back beyond a four year period. <u>King v. Chater</u>, 90 F.3d 323 (8th Cir. 1996).[3]

Accordingly, the Court is without jurisdiction to consider the reopening of the 1979 and 1982 application, but has the jurisdiction to determine that the 1984 application <u>was</u>, in fact, reopened by the agency prior to the issuance of the Notice of Award.

---

[2]This Court agrees with the plaintiff's analysis at pp. 9-10 of his brief to the effect that <u>Crady, supra</u>, is not distinguishable. <u>Crady</u>'s <u>de facto</u> reopening was also recently applied by the Sixth Circuit to a fact situation where an ALJ had explicitly indicated that his decision was based on the <u>last</u> application filed. <u>Martin v. Commissioner</u>, 82 Fed. Appx. 453, 455 (6th Cir. 2003) (unpublished).

[3]This case was cited with approval in an unpublished case by the Sixth Circuit Court of Appeals, <u>Glazer v. Commissioner</u>, 92 Fed. Appx. 312 (6th Cir. 2004).

4

Marcum

## CONCLUSION

Given the fact that the agency did not appeal this Court's 1999 decision to remand for an award of benefits, and noting that the 1984 application <u>was reopened</u> by the agency, benefits for the period pertinent to the <u>1984 application</u> must be awarded as well.

A separate order consistent with this Opinion will be entered this same date.

This the __29__ day of September, 2005.

_____
G. WIX UNTHANK
SENIOR JUDGE

5