UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 91-296-GWU, 94-219-GWU, 04-185-GWU

JAMES E. MARCUM,                                                              PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                            DEFENDANT.

      The undersigned had entered an order on December 27, 2006 denying the Third Motion for Attorney's Fees filed by counsel for the plaintiff. On the same date, the plaintiff's counsel filed his reply brief on the subject. Accordingly, having been unaware of this additional filing, the Court will analyze the issues raised.

      First, counsel claims that he should be awarded 25 percent of benefits paid to his client from February, 1999 to August, 2005, because these benefits should have been considered to be "interim benefits." In fact, these benefits were paid following the Court's Memorandum Opinion and Order of February 22, 1999, which awarded Marcum Disability Insurance Benefits (DIB) based on his 1988 application. (Tr. 1158-1163). Twenty-five percent of the past due benefits were withheld for attorney's fees (Tr. 1173), and the payments between February, 1999 and August, 2005 have never been in dispute. Subsequent litigation concerned the efforts of Marcum to reopen prior claims for DIB dating as far back as 1979, and eventually

1

Marcum was awarded benefits for a closed period from 1983 to 1987. Marcum v. Barnhart, Pikeville Civil Action No. 04-185 (E.D. Ky. Sept. 29, 2005).

Counsel's major argument that his attempt to reopen the older applications somehow converted monies paid to his client from 1999 to 2005 into "interim" benefits is strained and unpersuasive. In support, he cites the case of Akers v. Secretary of Health and Human Services, 966 F.2d 205 (6th Cir. 1992), in which the Social Security Administration had determined that a claimant's medical condition had improved and his disability benefits would cease. Id. The claimant requested that interim benefits be paid under 42 U.S.C. Section 423(g) pending appeal to this Court, which ruled in his favor. Counsel for the plaintiff then applied for an attorney fee of 25 percent of "past due benefits" under 42 U.S.C. Section 406(b)(1). Recognizing that there was a split among the circuits on the issue, the Sixth Circuit held that interim benefits should be included in the calculation of "past due benefits." Id. at 206.

This factual situation is not at all analogous to the present situation. Marcum's benefits from 1999 to 2005 were not being received on an interim basis after a continuing disability review and the fact that litigation was underway concerning an earlier, closed period had no bearing whatsoever on the status of the 1999-2005 payments. These benefits would have been paid regardless of the outcome of the litigation. Therefore, the holding in Akers does not provide a basis to award an additional fee.[1]

---

[1] The Commissioner asserts that Akers was "nullified" subsequently by an act of Congress amending Section 406(b) to state that "past due benefits" used to calculate an

Counsel for the plaintiff also raises, at least generally, several issues regarding the offset calculations for Worker's Compensation benefits applied by the SSA. An issue regarding possible effects of receiving periodic benefits rather than a lump sum from Worker's Compensation is vaguely raised, but counsel states that he "is uncertain if the distinction made here is semantic or whether it has [tangible] financial implications." Docket Entry No. 27, p. 4. He also suggests that certain other items may have been improperly calculated, but admits he is "confused" and "unable to determine" whether the Commissioner's calculations are correct. Id. at 5. Since there is no definite argument made that the calculations are incorrect, any issues raised regarding these matters are deemed to be waived.

One, and only one, specific argument made by counsel does have merit. 20 C.F.R. Section 404.408(d), captioned "Items not counted for reduction [of benefits]," exempts "medical, legal, or related expenses" incurred in pursuing Worker's Compensation claims from the amount used to calculate reduction in DIB payments under Section 404.408(a)(2)(I). In a letter from the SSA dated September 11, 2006, Marcum was notified that his benefits would be reduced to reflect Worker's Compensation benefits of $121.00 a week, less $6,500.00 for legal expenses and $1,748.00 for medical expenses.[2] Docket Entry No. 24, Attachment #2. The

---

attorney fee will not include "interim" benefits. 42 U.S.C. Section 406(b)(1)(B)(I). Counsel for Marcum maintains that Akers is still good law. It is not necessary to reach this issue, in view of the Court's holding that the factual situation in Akers is inapposite to the present case.

[2] Marcum did finally bring this to the Court's attention in Docket Entry No. 27. The issue was not responded to by the defendant.

3

original Worker's Compensation award letter of August 29, 1980 specifies that, although $,6500.00 was the actual attorney fee, a "lump sum attorney fee discount in the amount of $7,657.00 has been deducted from the award." (Tr. 591). Counsel states that the additional $1,157.00 was an interest charge by the Kentucky Worker's Compensation Special Fund for paying the $6,500.00 in a lump sum, rather than over the life of the award. Given the regulatory exemption of legal expenses from offset, and recognizing that these interest charges were, in fact, deducted from the amount awarded to Marcum personally, it appears counsel's objection to this amount being included in the offset is well taken.  As was noted previously, the Commissioner has <u>not</u> contested this aspect of the plaintiff's claims.

Therefore, the Court's order of December 27, 2006 will be modified to the extent that the Commissioner will be directed to add an additional $1,157.00 to the amount of benefits due Marcum based on the lump sum attorney fee discount actually made by the state Worker's Compensation system, and to credit additional attorney fees to Mr. Cybriwsky based on that figure; in all other aspects, the order of December 27, 2006 will stand.[3]

This the 31 day of January, 2007.



**Signed By:**

<u>G. Wix Unthank</u>

**United States Senior Judge**

---

[3]Should the plaintiff desire further modification of the attorney fees award, it is suggested that an appeal be made to the Sixth Circuit Court of Appeals.